**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER BLEUL & DEBORAH BLEUL, as legal guardians of JAKOB BLEUL; PATSY HICKS, as legal guardian for MIQUEL HICKS; and OSCAR MORALES CARRILLO, as legal guardian of OSCAR MORALES,<br><br>            Plaintiffs,<br>   vs.<br><br>MICHAEL WILLDEN, former Director of the Nevada Department of Health and Human Services; ROMAINE GILLILAND, Director of the Nevada Department of Health and Human Services; THE STATE OF NEVADA ex rel. DESERT REGIONAL CENTER, a division of the NEVADA DEPARTMENT OF HEALTH & HUMAN SERVICES; MATTHEW STOLL; KYLE TOOMER; HARRY DANIELS; DOES 1 through 10, inclusive; and ROE ENTITIES 11 through 20, inclusive,<br><br>            Defendants. | Case No.: 2:14-cv-01639-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 23) filed by Defendants Desert Regional Center ("DRC"), Matthew Stoll ("Stoll"), and Kyle Toomer ("Toomer") (collectively, the "State Defendants"). Plaintiffs Peter and Deborah Bleul, as legal guardians of Jakob Bleul ("Bleul"), Patsy Hicks, as legal guardian of Miquel Hicks ("Hicks"), and Oscar Morales Carrillo, as legal guardian of Oscar Morales ("Morales") filed a Response (ECF No. 25), and the State Defendants filed a Reply (ECF No. 27). For the reasons discussed below, the instant Motion will be **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

This case arises from Jakob Bleul, Miquel Hicks, and Oscar Morales' residency at Desert Regional Center. Specifically, Plaintiffs allege that Bleul, Hicks, and Morales suffered physical and verbal abuse at the hands of staff members at DRC, including Kyle Toomer. (FAC ¶¶ 15–17, 22–24, 29–32, ECF No. 9). For example, Plaintiffs allege that Bleul endured the following abuses:

> being punched and kicked; being forced to fight other DRC residents for the amusement of DRC staff; being punitively denied telephone access to his parents; having his back stomped on by DRC staffer Kyle Toomer while on the ground; having his personal belongings confiscated without reason; being abandoned in traffic while on a field trip; being thrown against a brick wall; being forced to wear a locked hockey helmet without medical reason; and being falsely accused of violence against other DRC residents, resulting in his incarceration in August of 2014.

(*Id.* ¶ 16). Furthermore, Plaintiffs allege that Matthew Stoll lied to the legal guardians of Bleul, Hicks, and Morales as well as law enforcement in an attempt to cover up the abuse. (*Id.* ¶¶ 18, 25, 33).

Plaintiffs filed the Original Complaint on October 6, 2014. (Compl., ECF No. 1). Plaintiffs filed the First Amended Complaint on November 18, 2014. Plaintiffs allege the following claims on behalf of Bleul, Hicks, and Morales: (1) Section 1983; (2) Negligent Training/Supervision; (3) Negligence; (4) Assault & Battery; (5) Intentional Infliction of Emotional Distress; (6) Reckless Endangerment; (7) Abuse of a Vulnerable Person. (FAC ¶¶ 35–142). Subsequently, the State Defendants filed the instant Motion to Dismiss. (ECF No. 23).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on

which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id*.  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

**A. Desert Regional Center**

The State Defendants assert that Plaintiffs have failed to serve Defendant Desert Regional Center. (Mot. Dismiss 3:13–4:14, ECF No. 23).  Rule 4(j)(2) of the Federal Rules of Civil Procedure provides that a state agency, like DRC, must be served by delivering a copy of the summons and complaint to its chief executive officer or serving a copy of the summons and complaint in the manner prescribed by state law.  Under Nevada law, in an action against a state agency, the summons and a copy of the complaint must be served upon the Attorney General and the person serving in the office of administrative head of the named agency. Nev. Rev. Stat. 41.031(2).

Plaintiffs bear the burden of establishing the validity of service of process when defendants make a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  In response, Plaintiffs assert that "DRC has now been properly served." (Response 4:11, ECF No. 25).  However, Plaintiffs provide the Court with no evidence to demonstrate that it has met its burden of establishing the validity of service of process on DRC.

Moreover, even if Plaintiffs had met its burden of establishing the validity of service of process on DRC, Plaintiffs claims against DRC would still fail.  Eleventh Amendment immunity bars Plaintiffs from bringing claims for monetary damages in § 1983 actions against a state or its officials acting in their official capacities unless the state has waived its immunity or Congress has exercised its power to override that immunity. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 56 (1996); *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 66 (1989).

The State of Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment. Nev. Rev. Stat. 41.031(3); *O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982), *cert denied,* 459 U.S. 1071 (1982). Furthermore, Eleventh Amendment immunity extends to state instrumentalities and agencies. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Thus, DRC is protected from money judgments by the Eleventh Amendment. Accordingly, Plaintiffs' claims against DRC are dismissed pursuant to Nevada's Eleventh Amendment immunity.

### B. Matthew Stoll

The State Defendants assert that Plaintiffs' § 1983 claims against Stoll should be dismissed because "Plaintiffs have not pled with specificity against Matthew Stoll to describe the personal actions which would constitute a constitutional violation." (Mot. Dismiss 6:17–18). In the First Amended Complaint, Plaintiffs allege multiple occasions where Bleul, Hicks, and Morales were abused physically and verbally by DRC staff. (FAC ¶¶ 15–17, 22–24, 29–32). With regards to Stoll, Plaintiffs allege that Stoll, in response to questions about complaints and injuries of Bleul, Hicks, and Morales, lied to their legal guardians as well as law enforcement "about what actually occurred and attempted to cover up the abuse." (*Id.* ¶¶ 18, 25, 33). As explained below, such allegations sufficiently describe the personal actions of Stoll that would constitute a constitutional violation.

The State Defendants further assert that, "[e]ven if [Stoll's] conduct rose to the level of a constitutional violation, State Defendants submit that Stoll would be entitled to qualified immunity." (Mot. Dismiss 6:22–23). Qualified immunity shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When determining whether or not a state official is entitled to the protections of qualified immunity, a court must engage in a two-question analysis. *Saucier v. Katz*, 533 U.S.

194, 201 (2001) (overruled on other grounds by *Pearson v. Callahan*, 555 U.S. 223, 237 (2009)).  Courts should inquire as to whether the facts alleged, viewed in a light most favorable to the party asserting the injury, show that a defendant's conduct violated a constitutional right. *Id.*  Additionally, courts should inquire whether or not the alleged constitutional right was clearly established at the time of the incident at issue. *Id.*  While the courts have traditionally engaged in the analysis by determining whether a constitutional right was implicated *prior* to determining whether such was clearly established at the time of the alleged conduct, the Supreme Court held in *Pearson* that:

> On reconsidering the procedure required in *Saucier,* we conclude that, while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory. The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.

555 U.S. at 236.

In determining whether the constitutional right was clearly established, the inquiry by the court "must be undertaken in light of the specific context of the case, not as a broad general proposition…." *Saucier*, 533 U.S. at 201.  "[T]he right the official is alleged to have violated must have been clearly established in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 202 (internal quotations and citations omitted). Qualified immunity shields a public official from a suit for damages if, under the plaintiff's version of the facts, a reasonable official in the defendant's position could have believed that his or her conduct was lawful in the light of clearly established law and the information the official possessed at the time the conduct occurred. *Hunter*, 502 U.S. at 227; *Anderson v.*

*Creighton*, 483 U.S. 635, 641 (1987); *Harlow*, 457 U.S. at 818; *Schwenk v. Hartford*, 204 F.3d 1187, 1195–96 (9th Cir. 2000).

"The combination of a patient's involuntary commitment and his total dependence on his custodians obliges the government to take thought and make reasonable provision for the patient's welfare." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 852 n.12 (1998) (citing *Youngberg v. Romeo*, 457 U.S. 307 (1982)). "Relying upon *Youngberg,* the Ninth Circuit has repeatedly recognized the Fourteenth Amendment right of involuntarily committed patients to safe confinement conditions." *Ammons v. Wash. Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1028 (9th Cir. 2011). In particular, it is settled that "(1) patients have a constitutional right to be safe in the state institution to which they are committed, and that (2) in the face of known threats to patient safety, state officials may not act (or fail to act) with conscious indifference, but must take adequate steps in accordance with professional standards to prevent harm from occurring." *Id.* at 1030 (quoting *Neely v. Feinstein*, 50 F.3d 1502, 1508 (9th Cir. 1995)).

Here, Bleul, Hicks, and Morales had a clearly established constitutional right to be safe in the DRC to which they were committed. Moreover, the Court finds that Plaintiffs sufficiently allege that Stoll, in the face of known threats to patient safety, acted with conscious indifference by not taking adequate steps in accordance with professional standards to prevent harm from occurring. Accordingly, based on the allegations in the First Amended Complaint, Stoll is not entitled to qualified immunity, and the State Defendant's Motion to Dismiss is denied as to Plaintiff's claims against Stoll.[1]

**C. Kyle Toomer**

---

[1] While the State Defendants assert in their Reply that the remaining state claims should also be dismissed, these arguments were not originally raised in the Motion to Dismiss and may not be raised for the first time in a reply brief. "[I]t is improper for a party to raise a new argument in a reply brief." *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001) *aff'd,* 36 F. App'x 612 (9th Cir. 2002) (*citing United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (other citations omitted)).

The State Defendants assert that Plaintiffs' § 1983 claims against Toomer should be dismissed because they are untimely. (Mot. Dismiss 6:7–16). Claims brought pursuant to § 1983 "are best characterized as personal injury actions" for purposes of a state's statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Nevada, the applicable statute is NRS 11.190(4)(e), which allows two years for the filing of personal injury claims. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).

With regards to Hicks' § 1983 claim against Toomer, Toomer is not identified in any of the factual allegations related to Hicks. Accordingly, the Court dismisses Hicks' § 1983 claim against Toomer.

With regards to Bleul's § 1983 claim against Toomer, Plaintiffs allege that, at some point after October 2012, Toomer stomped on Bleul's back while Bleul was on the ground. (FAC ¶ 16). Plaintiffs filed the Original Complaint on October 6, 2014. (*See* Compl., ECF No. 1). Thus, Bleul's § 1983 claim is timely because the factual allegations supporting the claim occurred within two years of Plaintiffs' filing of the Original Complaint. Accordingly, the Court denies the State Defendants' Motion to Dismiss as to Bleul's § 1983 claim against Toomer.

With regards to Morales' § 1983 claim against Toomer, Plaintiffs allege that, in August 2012, Toomer gave Morales a severe beating. (FAC ¶ 30). Toomer is not identified in Morales' remaining allegations. Thus, because the sole allegation supporting Morales' § 1983 claim occurred more than two years before Plaintiffs filed the Original Complaint, Morales' § 1983 claim against Toomer is untimely. Accordingly, the Court dismisses Morales' § 1983 claim against Toomer.

**D. Leave to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s]

held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiffs may be able to plead additional facts to support Hicks and Morales' § 1983 claims against Toomer. Accordingly, because the Court finds that Plaintiffs may be able to plead additional facts to support these claims, the Court will grant Plaintiffs leave to file a second amended complaint solely for this purpose. Plaintiffs shall file a second amended complaint within fourteen (14) days of the date of this Order if it can allege sufficient facts that plausibly establish Hicks and Morales' § 1983 claims against Toomer.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the State Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part**. Plaintiffs' claims against DRC are dismissed with prejudice. Additionally, Hicks and Morales' § 1983 claims against Toomer are dismissed without prejudice with leave to amend. Furthermore, the State Defendants' Motion to Dismiss is denied with respect to Plaintiffs' § 1983 claims against Stoll and Bleul's § 1983 claim against Toomer.

**IT IS FURTHER ORDERED** that Plaintiffs shall file its second amended complaint by **November 4, 2015**. Failure to file a second amended complaint by this date shall result in the Court dismissing Hicks and Morales' § 1983 claims against Toomer with prejudice.

**DATED** this 21st day of October, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge